Daniel GARCIA, Petitioner,

v.

**BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 28, 2002.

Decided Aug. 9, 2002.

Diane M. Tokarsky, Harrisburg, for petitioner.

Steven Wennberg, Harrisburg, for respondent.

Before FRIEDMAN, J., LEAVITT, J., and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Daniel Garcia (Garcia) petitions for review of the January 11, 2002, order of the State Registration Board for Professional Engineers, Land Surveyors and Geologists (Registration Board), which assessed Garcia a $250 civil penalty for a violation of section 3 of the Registration Law (Law).[1] We reverse.

---

1. Section 3 of the Law, Act of May 23, 1945, P.L. 913, *as amended*, 63 P.S. § 150 (emphasis added), provides:

   (a) In order to safeguard life, health or property and to promote the general welfare, it is unlawful for any person to practice or to offer to practice engineering in this Commonwealth, unless he is licensed and registered under the laws of this Commonwealth as a professional engineer....

   (b) A person shall be construed to practice or offer to practice engineering ... who practices any branch of the profession of engineering ... or *who, by verbal claim, sign, advertisement, letterhead, card, or in any other way represents himself to be an engineer ... or through the use of some other title implies that he is an engineer ... or* that he is registered under this act; or who holds himself out as able to perform, or

In a January 6, 1999, order to show cause, the Bureau of Professional and Occupational Affairs (Bureau) charged Garcia with improperly representing himself as a "project engineer" in correspondence with an engineering firm, written on the letterhead of his employer, IA Construction Corporation (IA). Because Garcia has never been licensed and registered as a professional engineer in the Commonwealth of Pennsylvania, the Bureau charged that this was a per se violation of section 3 of the Law. (R.R. at 2a.) Garcia filed an answer with new matter, arguing that it is not a per se violation of the Law for an unlicensed and unregistered person to use the title "engineer." (R.R. at 12a.) The Bureau filed a reply to Garcia's new matter. (R.R. at 17a.)

On June 11, 1999, a hearing on the order to show cause was held before a hearing examiner for the Bureau.[2]. The Bureau did not present any witnesses; Garcia testified on his own behalf and presented the testimony of Robert Field (Field), a registered professional engineer and President of IA, and Henry Heck, Jr. (Heck), Executive Vice President of the Associated Pennsylvania Constructors. All three testified regarding use and meaning of the title "project engineer" in the construction industry. Following the hearing, the hearing examiner issued a proposed order, dated June 29, 2000, imposing a civil penalty of $250 against Garcia for the violation of section 3 of the Law. The Registration Board agreed with the hearing examiner's proposed decision and order.

The Registration Board made the following relevant findings of fact. Although Garcia holds a bachelor's degree in civil engineering from The Citadel in Charleston, South Carolina, Garcia has never held a license or registration to practice as a professional engineer in Pennsylvania. (Findings of Fact, Nos. 1, 2.) At all relevant times, IA, a company engaged in highway and bridge construction, but not engineering services, employed Garcia. (Findings of Fact, Nos. 3, 4.) Garcia's job title with IA was "project engineer." Garcia's duties as a project engineer involved construction management services, such as scheduling construction work, coordinating the preparation of shop drawings and communicating about on-going construction projects with clients, subcontractors, professional engineering firms, other IA employees and representatives of the Commonwealth of Pennsylvania Department of Transportation. Garcia did not deal with the general public. (Findings of Fact, No. 5.)

On August 26, 1998, Garcia signed his name with the project engineer title in correspondence on IA letterhead to Widmer Engineering, Inc., a professional engineering firm based in Beaver Falls, Pennsylvania. The letter discussed a street improvement project in Beaver Falls that had been awarded to IA and provided a list of references for similar projects that IA had completed in the area. (Findings of Fact, No. 7.) Garcia is familiar with the Pennsylvania requirements for licensure and registration as a professional engineer. (Findings of Fact, No. 8.)

The Registration Board then concluded that, because Garcia's use of the project engineer title constituted a per se violation of section 3 of the Law, the Registration Board had no need to consider what Garcia

---

who does perform any engineering ... or work or any other service designated by the practitioner or recognized as engineering....

**2.** In a March 19, 1999, order, the Registration Board delegated the disciplinary proceeding to the Bureau for the purpose of conducting a hearing and issuing a proposed adjudication and order. (R.R. at 22a.)

intended by using that title. In determining the appropriate penalty, the Registration Board indicated that it was important to deter others from using the title "engineer" and that, because of Garcia's engineering background, Garcia should have been aware that using the title could mislead others. However, the Registration Board acknowledged mitigating factors; specifically, that the project engineer title is commonly used in the heavy construction industry and it is unlikely that anyone was mislead by Garcia's use of that title. In a January 11, 2002, order, the Registration Board fined Garcia $250 for his violation of section 3 of the Law. Garcia now petitions this court for review.[3]

█ Garcia argues that the use of the title "project engineer" does not establish a per se violation of section 3 of the Law; rather, there must be an examination to determine what the individual implied by use of the title. In that regard, Garcia contends that, because he never offered to provide professional engineering services, and because no one was mislead by his use of the project engineer title, he was not guilty of the violation. We agree.

█ Initially, we point out that mere use of the word "engineer" in a title does not constitute a per se violation of the Law. To the contrary, we must determine whether Garcia's use of the project engineer title actually constitutes an unauthorized offer to engage in the practice of engineering; to that end, we must consider what type of services Garcia actually meant to offer. *Sanville v. Bureau of Professional and Occupational Affairs,* 752 A.2d 942 (Pa.Cmwlth.2000). Here, the record established that Garcia only offered to provide construction management services; indeed, IA does *not* provide engineering services. (Findings of Fact, Nos. 4, 5, 6.) Moreover, the letter signed by Garcia as a project engineer simply furnished the references of two nearby townships for which IA had performed street improvement projects, (Findings of Fact, No. 7); Garcia was not offering engineering services.

Contrary to the Registration Board's position on the matter, Garcia's use of the word "engineer" in his title does not mean that he offered to engage in the practice of engineering. *Sanville.* The term "engineer" can be a generic term and is defined as "a person who is trained or skilled in the technicalities of *some field* (as sociology or insurance) *not usu[ally] considered to fall within the scope of engineering* and who is engaged in using such training or skill in the solution of technical problems[;] *a person with or without technical training* who affects technical knowledge to further his endeavors (as in selling)[;] ... a person engaged in *any of various occupations* commonly regarded as requiring little skill or special knowledge...." Webster's Third New International Dictionary 752 (1993) (emphasis added). In discussing the use of the title "project engineer," Garcia testified that he has never used the title "professional engineer" because he is not a professional engineer. (R.R. at 36a.) Field testified that, in the twenty years he has worked in the construction industry, he has become aware that the project engineer title is used throughout the industry for a job with duties that include construction management and administrative services, scheduling, shop drawing and transmittals, such as the letter of references in question. (R.R. at 43a.) In addition,

---

3. Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *McKeown v. State Architects Licensure Board,* 705 A.2d 524 (Pa.Cmwlth.1998).

Heck testified that it is understood within the construction industry that a "project engineer" is not necessarily a "professional engineer." (R.R. at 48a.)

In this case, there is no evidence that anyone thought Garcia was a professional engineer or that he was offering engineering services. In its findings, the Registration Board acknowledges that Garcia performed construction management services, not engineering services, and the testimony confirms that it is understood within the construction industry that a "project engineer" manages the construction services only and is not a professional engineer. Thus, the record does not support the Registration Board's determination that Garcia was practicing engineering without a license in violation of section 3 of the Law.

Accordingly, we reverse.

Senior Judge FLAHERTY dissents.

### ORDER

AND NOW, this 9th day of August, 2002, the order of the State Registration Board for Professional Engineers, Land Surveyors and Geologists, dated January 11, 2002, is hereby reversed.