**Timothy Scott EVANS, Petitioner**

v.

**DEPARTMENT OF STATE, BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, STATE REGISTRATION BOARD FOR PROFESSIONAL ENGINEERS, LAND SURVEYORS AND GEOLOGISTS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 24, 2010.

Decided Jan. 24, 2011.

---

Bernard S. Rubb, Sewickley, for petitioner.

Thomas A. Blackburn, Senior Counsel–In–Charge, and Cynthia K. Montgomery, Senior Counsel–In–Charge, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

Timothy Scott Evans petitions for review of an adjudication of the State Registration Board for Professional Engineers, Land Surveyors and Geologists (Board), which ordered Evans to pay a civil penalty of $1,000 for doing the work of a professional geologist after his Pennsylvania license had lapsed. Evans argues that the Board erred because during the period of time in question his professional work in Pennsylvania was environmental, not geological; he did not hold himself out to the public as a licensed Pennsylvania geologist; and, in any case, he was licensed by three other states.

Since 1999, Evans has been licensed by Pennsylvania as a professional geologist. Licenses are issued biennially. *See* Section 4(e) of the Engineer, Land Surveyor and Geologist Registration Law (Law), Act of May 23, 1945, P.L. 913, *as amended*, 63 P.S. § 151(e) (authorizing the Board "to issue biennial registration to such persons [licensed]...."). In August 2008, when Evans realized that his Pennsylvania license had lapsed on October 1, 2007, he immediately applied for renewal. His license was reinstated on August 8, 2008.

Thereafter, the Department of State, Bureau of Professional and Occupational Affairs (Bureau) issued a citation to Evans,

alleging that he had performed geological work without a license during the period of time his license had lapsed, *i.e.*, October 1, 2007, to August 8, 2008. The Bureau alleged this conduct violated Sections 3(b) [1] and 4(e) [2] of the Law. Reproduced Record at 2 (R.R.——). The Bureau assessed Evans a $1,000 penalty for each violation, for a total of $2,000.

Evans appealed, and a hearing was conducted by a Department hearing examiner. Evans was the sole witness at the hearing. Evans explained that he works for Tetra Tech NUS, Inc., an environmental consulting firm, and that he has his office in Pittsburgh. As a "senior geologist" in Tetra Tech's geoscience department, Evans has done work for clients in thirty to forty different states. Evans is licensed as a professional geologist in four states, including Pennsylvania, but he testified that most of his professional work does not require a professional geologist license. Evans then testified about the two matters that prompted the Bureau's enforcement action.

The first concerned a client proposal prepared in June 2008 by Tetra Tech to do a "Phase I Environmental Site Assessment" on a property located in Moon Township, Pennsylvania. The proposal consists of a five-page letter describing work that Tetra Tech could do to determine "whether or not hazardous substances or petroleum products may be present on the property...." Certified Record, Item no. 9, Exhibit 5 at 1 (C.R.——). Evans signed the letter on behalf of Tetra Tech with the notation "P.G." after his signature, which, according to Evans, stands for "professional geologist." R.R. 29. Following his signature was his title at Tetra Tech: "Senior Geologist, Geosciences Department." C.R., Item no. 9, Ex. 5 at 5. The proposal was also signed by the manager of the Tetra Tech Pittsburgh office, noting the manager's approval of the proposal.

The second matter concerned a draft environmental site assessment report on a property located in Millvale, Pennsylvania. The draft report is dated "July 2008" and signed by Dale E. Skoff, P.G., CHMM and

1. Section 3(b) provides, as follows:
 A person shall be construed to practice or offer to practice engineering, land surveying or geology who practices any branch of the profession of engineering, land surveying or geology; or *who, by verbal claim, sign, advertisement, letterhead, card, or in any other way represents himself to be an engineer, land surveyor or geologist,* or through the use of some other title implies that he is an engineer, land surveyor or geologist or that he is registered under this act; or who holds himself out as able to perform, or *who does perform any engineering, land surveying or geological service or work* or any other service designated by the practitioner or recognized as engineering, land surveying or geology.
 63 P.S. § 150(b) (emphasis added).

2. Section 4(e) provides, as follows:
 Biennial Registrations; Fees.—To provide for, regulate and require all persons licensed in accordance with the provisions of this act and all persons licensed and registered under prior laws of this Commonwealth, relating to the licensing of professional engineers and professional land surveyors, to register biennially with the board, to prescribe the form of such registration, after consultation with the Commissioner of Professional and Occupational Affairs and the payment of such biennial registration fee, as shall be fixed according to law, *to issue biennial registration to such persons and to suspend or revoke the license or registration of such persons* as fail, refuse or neglect to so register, or pay such fee within such time as the board shall prescribe by its rules and regulations, and to reinstate licenses and registrations of persons who shall thereafter pay such registration fees in accordance with the rules and regulations of the board.
 63 P.S. § 151(e) (emphasis added).

by Evans. Following Evans' signature is the notation, "P.G., License No. 003727–E, Professional Geologist." C.R., Item no. 9, Ex. 6 at 35. Evans also affixed his Pennsylvania license seal with the notation:

> By affixing my seal to this document, I am certifying that the geologic information and interpretations herein are true and correct to the best of my knowledge. I further certify that I am licensed to practice in the Commonwealth of Pennsylvania and that it is within my professional expertise to verify the correctness of the information.

*Id.*

Evans testified that neither the June 2008 client proposal nor the July 2008 draft environmental assessment report was transmitted to the clients until after his license was reinstated on August 8, 2008. Evans also testified that neither the proposal nor the draft report involved geological work.

The hearing examiner dismissed the Section 3(b) count, holding that Section 4(e) of the Law was "the exclusive remedy available in prosecuting a licensee for a first time offense of practicing on a lapsed license for less than a year." R.R. 46 (footnote omitted).[3] However, the hearing examiner held that Evans violated Section 4(e) of the Law by acting as a professional geologist in Pennsylvania during the period of time his license had lapsed. She rejected Evans' argument that because he was licensed in other states he was enti-

tled to sign the June 2008 proposal as a "P.G.", *i.e.*, professional geologist. She also rejected his argument that because his license had been reactivated before the reports were transmitted to clients, he did not violate Section 4(e). The hearing examiner reasoned that Evans represented himself as a professional geologist to his employer in Pennsylvania by using the designation "P.G." and by using his seal during the time his license was lapsed. The hearing examiner ordered that Evans pay a civil penalty in the amount of $1,000.

Evans appealed to the Board. Again he argued that he did not violate Section 4(e) of the Law because neither of the documents on which the violation was based was transmitted to a client until after his license was reactivated. In any case, he argued that he was permitted to use the designation "P.G." because he was licensed as a professional geologist in three other states. The Board rejected these arguments. In particular, it found the existence of other state licenses irrelevant, because his office was in Pittsburgh and both the client proposal and the draft assessment report involved Pennsylvania property.

Evans now petitions for review of the Board's adjudication.[4] He raises three issues. First, he claims that the Law is unconstitutionally vague as applied by the Board. Second, he argues that the Board's logic is circular and fatally flawed because it dismissed the Section 3(b) count

---

3. In support of this determination, the hearing examiner cited to two Board adjudications: *Commonwealth, Bureau of Professional and Occupational Affairs v. Richard Joseph Stern, P.E.*, Docket No. 55131–47–2009, State Registration Board for Professional Engineers, Land Surveyors and Geologists (filed November 30, 2009) and *Commonwealth, Bureau of Professional and Occupational Affairs v. James J. Mahoney, P.L.S.*, Docket No. 55897–47–2009, State Registration Board for

Professional Engineers, Land Surveyors and Geologists (filed November 30, 2009).

4. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law occurred, or whether the findings of fact are supported by substantial evidence. *Garcia v. Bureau of Professional and Occupational Affairs*, 804 A.2d 732, 734 n. 3 (Pa.Cmwlth.2002).

but found him in violation of Section 4(e) of the Law by, in turn, applying the definition of a geologist set forth in Section 3(b). Third, he contends that the evidence is uncontroverted that the extent of his professional work in Pennsylvania during the time his license was lapsed involved an environmental assessment, not the work of a professional geologist.

■ We begin with a review of the relevant statute, the Engineer, Land Surveyor and Geologist Registration Law. It defines the "practice of geology" as

> the practice or the offer to practice geology for others for a fee, including, but not limited to, describing the natural processes acting on earth materials, gases or fluids, predicting the probable occurrence of natural resources, predicting and locating natural or man-induced phenomena which may be useful or hazardous to mankind and recognizing, determining and evaluating geologic factors. The term shall also include the performance of geological service or work, consultation, investigation, evaluation, planning, mapping and inspection of geological work required in implementing the provisions of any Federal or State law or regulation or the provisions of any ordinance, code, rule or permit required by any local political subdivision. The term shall not include the practice of engineering, land surveying or landscape architecture for which separate licensure is required.

Section 2(n) of the Law, 63 P.S. § 149(n) (emphasis added). The Law then makes it unlawful

> for any person to practice or to offer to practice geology unless he is licensed and registered under the laws of this Commonwealth as a professional geologist.

Section 3(a) of the Law, 63 P.S. § 150(a). Finally, the Law clarifies that a person will be construed to be practicing geology who

> by verbal claim, sign, advertisement, letterhead, card, or in any other way represents himself to be . . . [a] geologist, or through the use of some other title implies that he is . . . [a] geologist or that he is registered under this act; or who holds himself out as able to perform, or who does perform any . . . geological service or work or any other service designated by the practitioner or recognized as . . . geology.

Section 3(b) of the Law, 63 P.S. § 150(b) (emphasis added).

Evans defends against the Bureau's enforcement action by arguing that his work was not geological and, in any case, the two documents on which the Bureau based its enforcement action were not seen by clients until after his registration as a professional geologist was reinstated.

There are two problems with Evans' defense. First, the Board did not believe his testimony and found, on the basis of the documentary evidence, that the documents were transmitted at or near the dates shown on each document. Second, the hearing examiner found that the date of transmission to clients was irrelevant. Evans, at a minimum, held himself out as a professional geologist to his employer, Tetra Tech. The Law is broadly written to proscribe an unregistered geologist from making a "verbal claim," from using a "letterhead," a "card," "some other title" or from "implying," to anyone, that he can perform a geological service. Section 3(b) of the Law, 63 P.S. § 150(b).

■ In short, the date of transmission of either document is not dispositive. Evans cannot deny the use of his professional seal, authorized for Pennsylvania professional geologists, before August 8, 2008,

and sharing it with his employer. This is enough to violate Section 3(a) of the Law.

 Strangely enough, however, the Bureau did not charge Evans with a violation of Section 3(a) of the Law but, rather, a violation of Sections 3(b) and 4(e). As noted above, Section 3(b) clarifies when "[a] person shall be construed to practice or offer to practice ... geology," but it does not state any requirement for practicing geology. Section 4(e) of the Law empowers the Board to register professional geologists. It states, in relevant part, as follows:

The Board shall have power—

\* \* \*

(e) To provide for, regulate and require all persons licensed ... and registered ... to register biennially with the board ... to issue biennial registration ... and to suspend or revoke the license or registration of such persons as

fail, refuse or neglect to so register....

63 P.S. § 151(e). Section 4(e) empowers the Board to do many tasks, but it does not impose any duties on the professionals registered and supervised by the Board.

Charging Evans with a "violation" of the statutory definition of the "practice of geology" makes no sense. What the Bureau should have done was charge Evans with a violation of Section 3(a), which most assuredly makes it unlawful to "practice" geology, as the term "practice" is defined in Section 3(b). Likewise, Section 4(e) is a provision that authorizes the Board to enforce Section 3(a), but it is not a provision that is capable of being "violated" by a registered professional.

The form of the Bureau's citation to Evans may be explained by the applicable regulation. It states, in relevant part, as follows:

43b.13a. Schedule of civil penalties—engineers, land surveyors and geologists.

### STATE REGISTRATION BOARD FOR PROFESSIONAL ENGINEERS, LAND SURVEYORS AND GEOLOGISTS

| Violation Under 63 P.S. | Title/Description | Penalties |
|---|---|---|
| Section 150(b) | Representing oneself as an engineer, land surveyor or geologist on sign, advertisement, letterhead or card, without being licensed or registered | 1st offense—$1000<br>2nd offense—formal action |
| Section 151(e) | Biennial renewal—practicing on a lapsed license or registration | 1st offense—Up thru 5 months—$500<br>6 months thru 1 year—$1,000<br>over 1 year—formal action<br>2nd offense—formal action |

49 Pa.Code § 43b.13a. The Board held that because Evans' registration had been lapsed for more than six months but less than one year, a penalty of $1,000 was required under the "Section 151(e)" portion of the regulation. The problem with this regulation is that a registered geologist cannot "violate" a definition, *i.e.*, Section 3(b), or a Board power, *i.e.*, Section 4(e). A registered geologist violates Section 3(a) when he practices without a current registration, not Section 3(b).

Evans argues that the Board's application of the Law was unconstitutionally vague, erroneous, and somewhat circular, because it used the definition of geologist in Section 3(b) of the Law to conclude that Evans violated Section 4(e) of the Law. This reasoning was inconsistent with the Board's determination that Section 3(b) of the Law did not apply to Evans. Evans argues that the Board should have used the more general definition of the "practice of geology" found in Section 2(n) of the Law; 63 P.S. § 150(a).[5] Evans contends that the Board has used the Section 2(n) definition in its prior adjudications.

The Board counters that its adjudications in *Commonwealth, Bureau of Professional and Occupational Affairs v. Richard Joseph Stern, P.E.*, Docket No. 55131–47–2009, State Registration Board for Professional Engineers, Land Surveyors and Geologists (filed November 30, 2009) and *Commonwealth, Bureau of Professional and Occupational Affairs v. James J. Mahoney*, P.L.S., Docket No. 55897–47–2009, State Registration Board for Professional Engineers, Land Surveyors and Geologists (filed November 30, 2009) do not stand for the proposition that different definitions apply to different sections of the Law. The Board contends that by affixing his seal to a report and submitting it to a client, Evans "actually practiced" as a geologist under either definition.[6]

In *Stern*,[7] a licensee was charged with violating Sections 3(b) and 4(e) of the Law by practicing as an engineer after his license had lapsed. He was found to have "practiced" engineering by mailing out letters and handing out business cards using the designation "P.E." However, the hearing examiner concluded that where the professional had been licensed, but allowed the license to lapse, the only penalty authorized was that designated in the regulation, *i.e.*, a Section 4(e) violation. The hearing examiner sustained the citation under Section 4(e) of the Law, and he dismissed the Section 3(b) citation. The Board agreed, concluding that the civil penalty for practicing less than one year after the license had lapsed is governed by 49 Pa.Code § 43b.13a, which relates to Section 4(e) of the Law.

We agree with the Board that its prior adjudications in *Stern* and *Mahoney* did not establish that the definition in Section 2(n) of the Law is the one to employ when determining whether a licensed professional has violated the Law when he practices that profession after his license has lapsed. The adjudications are irrelevant.

The more significant problem is that the Board has based its penalty on Evans' supposed violation of Section 4(e) of the Law. This statutory provision empowers the Board, but it does not burden Evans. It is Section 3(a) of the Law which makes it unlawful to practice the profession of geology without ever earning a license or doing so after a license has lapsed. Accordingly, we must agree with Evans that the Board's application of the Law to Evans cannot be sustained.

To impose the penalties set forth in its regulation at 49 Pa.Code § 43b.13a, the Board had to charge Evans with a viola-

---

**5.** A more inclusive definition of "practice of geology" is found in Section 3(b) of the Law, which provides that a person will be "construed" as practicing geology by representing, implying or holding oneself out as a geologist. 63 P.S. § 150(b).

**6.** The Board also argues that Evans waived this issue. However, the petition for review alleges that the Board erred in concluding that Evans practiced geology. We find this sufficient.

**7.** The legal analysis in *Mahoney* is identical to *Stern*.

tion of Section 3(a) of the Law. It did not do so. Without such a finding, the Board lacked any basis to invoke its civil penalty regulation.[8]

Accordingly, the order of the Board is reversed.

### ORDER

AND NOW, this 24th day of January, 2011, the order of the State Registration Board for Professional Engineers, Land Surveyors and Geologists, dated March 23, 2010, is hereby REVERSED.

---

8. In light of this holding, we do not address the other issues raised by Evans.